

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
Attorney General

Honorable H. Pat Edwards
Civil District Attorney
Hall of Records
Dallas, Texas

Dear Sir:

Opinion N. O-5381
Re: Liability of Defense Plant
Corporation for motor vehicle
license fees.

     Thank you for your letter of June 25, supplying certain additional information requested by our letter of June 25, 1943, in connection with your request for an opinion from this department as to the liability of the Defense Plant Corporation for motor vehicles license fees.

     The Defense Plant Corporation is a federal corporation chartered by the Reconstruction Finance Corporation pursuant to the authority contained in Section 5d of the Reconstruction Finance Corporation Act, as amended. (15 U. S. C. A. Sec. 606b) Under its charter (6 F. R. 2971; 6451) among other enumerated objects and purposes it is empowered to:

> "(5) To purchase and lease land, purchase, lease build, and expand plants, and purchase and produce equipment, facilities, machinery, materials, and supplies for the manufacture of strategic and critical materials, arms, ammunition, and implements of war, any other articles, equipment, facilities and supplies necessary to the national defense, and such other articles, equipment, supplies, and materials as may be required in the manufacture or use of any of the foregoing or otherwise necessary in connection therewith;"
> ( 13 C. F. R., 1941 Supp., p. 1504)

     By its charter ( 6 F. R. 6451) and by statute (55 stat. 248; 15 U. S. C. A. Sec. 610) the personal

Hon. M. Pat Edwards    Page 2.

property of the corporation is exempt from property and use taxes.

Our information is that under its charter powers the Defense Plant Corporation has financed and erected plants for the production of synthetic rubber, tank motors, airplane parts, iron and steel, high explosives and other articles necessary for the prosecution of the war. We also understand that the customary procedure is for the Defense Plant Corporation to take a lease or assignment of the lease of the plant site and then enter into a "lease contract" with the operator-to-be of the plant whereby the Defense Plant Corporation finances the erection of the plant and the installation of its equipment and agrees to lease the plant to the operator upon its completion. The Defense Plant Corporation continues to be the owner of all property it purchases. Terms are provided, however, whereby the operator is given the right to purchase the plant from the Defense Plant Corporation upon terms mutually satisfactory, usually cost plus interest on each item purchased.

Under the typical contract submitted for our consideration with your request the entire transaction is divided into a Construction Program ( the erection of the plant), an Acquisition Program (acquisition and installation of machinery and equipment) and a Lease or Operation Program ( operation of the plant by lessee).

Motor vehicles are purchased and paid for by the Defense Plant Corporation during these programs and are used by the lessee's employees or a subcontractor of the lessee in connection with the erection of the plant or in connection with the ordinary business of the plant after its completion. Your question is whether or not under these circumstances the owner of such vehicles is required to pay the motor vehicle registration fee provided for in Title 116 of the Revised Civil Statutes of Texas. We assume that by the term "owner" you refer to the Defense Plant Corporation.

In our opinion the "owner" is required to pay registration fees on these motor vehicles but an "owner" under the statute is not the legal title holder exclusively.

Hon. H. Pat Edwards    Page 3.

Article 6675a-1 V. A. C. S. defines the term "owner" as,

". . . any person who holds the legal title of a vehicle or who has the legal right of possession thereof, or the legal right of control of said vehicle." ( Emphasis supplied)

Article 6675a-2, V. A. C. S., provides that,

" Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof;. . ."

The definition of an "owner" is elastic for "use upon the highways, and not ownership, is the subject matter burdened." Louwein vs. Moody ( Com. App. 1929), 12 S. W. 2nd 989. The levy is not a property tax but a fee for the privilege of using the highways of this State. Atkins vs State Highway Department, 201 S. W. 226; O-842a. The definition is aimed at one who uses our highways if he (a) holds the legal title to the vehicle; (b) has the legal right of possession of the vehicle; or (c) has the legal right of control of the vehicle.

While the Defense Plant Corporation holds the legal title to the vehicles, neither Defense Plant Corporation nor its employees use the vehicles. The vehicles are used by the employees of a defense plant or by a subcontractor of a defense plant. They are used by virtue of a lease contract executed by the Defense Plant Corporation as lessor of the equipment. To our mind the question is whether or not under these circumstances the lessee and its subcontractor who through their employees use the vehicles are those having the "legal right of possession" or "the legal right of control" of such vehicles.

Hon. W. Pat Edwards    Page 4

In our opinion No. O-2105 this department undertook to define the terms "legal right of possession" and "legal right of control" as used in the registration statute. To hold that bare possession by a servant or agent is insufficient; that some degree of permanency is required; that the vehicle must be in possession of one who would see that it was kept in good condition and to whom its good condition was entrusted. We said that the terms would include a person who has all the rights in the vehicle, its control and operation, use and management; but who does not have legal title. One of the cases we cited was the case of Quist vs Hill, 99 Pac. 204, by the Supreme Court of California which specifically included a lessee as one who is a "legal possessor of property."

Under paragraph five of the lease contract submitted the machinery and equipment is selected by lessee and purchased by it in the name of Defense Plant Corporation; under paragraph twelve such machinery is leased by Defense Plant Corporation for a term set forth in the contract. Paragraph sixteen requires lessee to insure the property at its expense. Under paragraph eighteen lessee is required to keep all machinery in a good state of repair (ordinary wear and tear excepted). Paragraph nineteen requires all property and use taxes on machinery and equipment to be paid by the lessee. We do not find that the Defense Plant Corporation reserved any control over the use of the equipment by lessee other than the limitation (paragraph 21) that lessee would not without consent of Defense Plant Corporation use the equipment for purposes other than the manufacture of the material to be produced by the plant.

It is our opinion that the lessee and its subcontractor are by virtue of the lease contract those having "the legal right of possession" or "the legal right of control" of the motor vehicles. The vehicles are used by employees of the defense industry and employees of its subcontractor and the registration fee imposed by our statute falls upon the lessee and its subcontractors rather than the Defense Plant Corporation.

We assume that no question is raised regarding vehicles used by employees of the Defense Plant Corporation in furtherance of its general activities whereby the exemption provided in Article 6675a-3, V. A. C. S., for

Hon. K. Pat Edwards    Page 5

vehicles which are the property of and used exclusively in the
service of the United States Government, might apply.

We are returning herewith the lease form you obtained
from the Defense Plant Corporation as requested in your letter
of June 25, 1943.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By James D. Smullen
        Assistant

JDS:med
encl

APPROVED JUL 7, 1943

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

